# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN J. HOPP, | ) | CASE NO. 1:18CV507 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| ARTHUR J. GALLAGHER & CO., | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #10) of Defendant, Arthur J. Gallagher & Co., to Dismiss Counts I, III and IV of the Complaint. For the following reasons, the Motion is denied.

## I. FACTUAL BACKGROUND

Defendant is a provider of employee benefits services, human resources consulting services and commercial insurance products. Plaintiff, Steven J. Hopp, was employed as an Area Vice President and sold insurance and benefits services for Defendant.

The parties executed an Employment Agreement on November 18, 2010. Plaintiff alleges that the parties agreed to a modification of Plaintiff's compensation on December 31, 2013. Further, Plaintiff alleges that Defendant failed and refused to compensate him in accordance with the terms of the initial Agreement and the subsequent modification. Plaintiff tendered his written resignation on February 27, 2018.

On March 5, 2018, Plaintiff filed the instant Complaint setting forth five claims for relief: Count I - Declaratory Judgment; Count II - Breach of Contract; Count III - Civil Theft;

Count IV - Conversion; Count V - Waiting Time Violation (Ohio Revised Code § 4113.15).

Defendant moves for dismissal of the Declaratory Judgment cause of action for lack of a real and justiciable controversy and for redundancy; dismissal of the Civil Theft cause of action because it does not set forth a separate civil claim under Ohio law; and dismissal of the Conversion cause of action because a breach of contract does not create a viable tort claim.

## II. LAW AND ANALYSIS

**Standard of Review for Fed.R.Civ.P. 12(b)(6)**

In deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S.Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation. *Id.* at 555. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges

a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir.2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir.2007)).

The Court should disregard conclusory allegations, including legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555; *J & J Sports Prods. v. Kennedy*, No. 1:10CV2740, 2011 U.S. Dist. LEXIS 154644, *4 (N.D.Ohio Nov. 3, 2011).

The pleading does not have to demonstrate probability; rather, "just enough factual information to create an expectation that discovery will uncover evidence supporting the claim." *Haber v. Rabin*, No. 1:16CV546, 2016 WL 3217869, at *3 (N.D.Ohio Jun.10, 2016), citing *Twombly*, 550 U.S. at 556.

**Declaratory Judgment (Count I)**

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. Nevertheless, the Supreme Court has reiterated the discretionary nature of the Act. In *Public Affairs Press v. Rickover*, 369 U.S. 111, 82 S. Ct. 580, 7 L. Ed. 2d 604 (1962), the highest court opined: "'The Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so.' *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494, 499 [62 S.Ct. 1173, 1177-78, 86 L.Ed. 1620 (1942)]." Put another way, the declaratory judgment statute "is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Green v. Mansour*, 474 U.S. 64, 72 (1985).

To prevail on a declaratory judgment claim in Ohio, a plaintiff must set forth facts sufficient to establish three elements: "(1) that a real controversy between adverse parties exists; (2) which is justiciable in character; (3) and that speedy relief is necessary to the preservation of rights which may be otherwise impaired or lost." *Fairview Gen. Hosp. v. Fletcher*, 63 Ohio St.3d 146, 148-49 (1992).

Defendant contends that Plaintiff's Complaint is devoid of any allegations that he is seeking a position with a competitor or is otherwise attempting to compete with Defendant. Plaintiff fails to allege that Defendant plans to enforce the non-solicitation provisions of the Employment Agreement against him or that he has been harmed by those provisions. The enforceability of the restrictive covenants, therefore, is not ripe. In addition, Defendant argues that Plaintiff's claim for a declaration that he is relieved of further obligations under the Employment Agreement because of Defendant's material breach is duplicative of Plaintiff's Breach of Contract claim.

Plaintiff agrees with Defendant that an "actual controversy" is necessary to his claim and that "a federal court must only pass judgment upon real, not uncertain nor hypothetical, disputes." *See Allied Machine & Eng. Corp. v. Competitive Carbide, Inc*., No. 1:11CV2712, 2012 WL 3074362, at *2 (N.D.Ohio July 30, 2012). However, Plaintiff insists that he faces a legitimate risk of legal consequences if he is not excused from performance under the Employment Agreement. Plaintiff argues that there is a real, justiciable controversy whether he is restricted in his ability to solicit or otherwise correspond with Defendant's clients or prospective clients anywhere in the world and whether he has been relieved of any and all performance obligations as a result of Defendant's material breaches.

Plaintiff's Complaint does not have to set out probable claims, only plausible ones. *Twombly*, 550 U.S. at 556. At this stage, the Court finds that there is enough factual information (particularly since Defendant recently sought leave to assert a counterclaim for breach of the restrictive covenants) "that discovery will uncover evidence supporting the [Declaratory Judgment] claim." *Id*.

**Plaintiff's Conversion Claim (Count IV)**

Defendant objects to Plaintiff's claim for Conversion of his property (i.e., his compensation), asserting that breach of contract does not create a tort claim. For a tort claim to arise out of the same facts and relationship, there must be a duty owed separately from that arising out of contract. *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*, 115 Ohio App.3d 137, 151 (9th Dist. 1996).

The Court holds that, pursuant to Fed.R.Civ.P. 8(d)(3), Plaintiff is permitted to plead in the alternative and even inconsistently. *See Haber v. Rabin*, 2016 WL 3217869 at *3. However, Plaintiff is cautioned that he "may be forced to abandon one of his alternatively pled theories for recovery because no single set of facts will simultaneously support both claims." *Pearson v. FirstEnergy Corp. Pension Plan*, 76 F.Supp.3d 669, 676 (N.D.Ohio 2014).

**Civil Theft (Count III)**

Defendant seeks dismissal of Count III because R.C. § 2307.60 and R.C. § 2307.61 do not provide Plaintiff with an independent civil cause of action. Plaintiff acknowledges that there has been confusion in the Ohio courts regarding the interplay of these statutes.

In *Jacobson v. Kaforey*, 149 Ohio St.3d 398 (2016) however, the Ohio Supreme Court

answered a certified question: "R.C. 2307.60(A)(1), by its plain and unambiguous terms, creates a statutory cause of action for damages resulting from any criminal act." *Id*. at 400. Thus, the Court denies Defendant's Motion to Dismiss in this regard. Following discovery and motion practice though, the Court could once more address the question of the viability of Plaintiff's Civil Theft cause of action. In fact, the *Jacobson* court warned: "Any ensuing issues regarding how the statute operates or what a plaintiff must do to prove a claim under R.C. 2307.60(A)(1) are beyond the scope of this appeal." *Id*. at 401.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #10) of Defendant, Arthur J. Gallagher & Co., to Dismiss Counts I, III, and IV of the Complaint is denied.

**IT IS SO ORDERED.**

        **s/ Christopher A. Boyko**
        **CHRISTOPHER A. BOYKO**
        **United States District Judge**

**Dated: June 26, 2018**