# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN J. HOPP, | ) | Case No. 1:18-cv-507 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| ARTHUR J. GALLAGHER & CO., | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |
| | ) | |

This matter is before the court on referral for disposition of Nonparty, The James B. Oswald Company's, ("Oswald") motion to quash subpoenas. ECF Docs. 33 & 34. Oswald moves the court to quash a subpoena issued to it as well as 17 subpoenas issued to other non-parties. Defendant Arthur J. Gallagher & Co., ("Gallagher") filed a brief in opposition and Oswald filed a reply in support. ECF Docs. 36 and 37.

Because Oswald lacks standing to challenge the subpoenas issued to other non-parties, its motion to quash the 17 subpoenas issued to other non-parties is DENIED. Regarding the subpoena issued to Oswald, the court DENIES Oswald's motion to quash but MODIFIES the scope of the subpoena to the time period of December 1, 2017 to the present. Subject to the conditions expressed below, Oswald must produce the documents requested in the modified subpoena on or before **January 19, 2019.**

## I. Relevant Background Information

This case involves an employment agreement between plaintiff, Steven J. Hopp, and his former employer, Gallagher. ECF Doc. 20 at Ex. A. Hopp resigned from Gallagher on February 27, 2018. ECF Doc. 20 at ¶ 22. On March 5, 2018, Hopp filed this lawsuit seeking declaratory judgment on the validity of the employment agreement and claiming that Gallagher improperly compensated him. ECF Doc. 1. Hopp began working for Oswald on April 30, 2018. ECF Doc. 20 at ¶ 23. Hopp filed an amended complaint on July 6, 2018. ECF Doc. 20. On July 23, 2018, Gallagher filed an answer and counterclaim for breach of the employment agreement. ECF Doc. 22 at Page ID # 376. Gallagher claims that Hopp is improperly soliciting Gallagher's customers in breach of the agreement.

## II. Standing to Challenge Other Non-Parties' Subpoenas

Gallagher argues that Oswald does not have standing to challenge the subpoenas issued to the other non-parties. The court agrees. "[A]bsent a claim of privilege, a party has no standing to challenge a subpoena to a nonparty." *Novovic v. Greyhound Lines, Inc.*, 2:09-CV-00753, 2012 U.S. Dist. LEXIS 9203, at *23 (S.D. Ohio Jan. 26, 2012) (quoting *Donahoo v. Ohio Dep't of Youth Servs.,* 211 F.R.D. 303, 306 (N.D. Ohio 2002)) (internal quotation marks omitted). *See also Mann v. University of Cincinnati,* Nos. 95-3195 and 95-3292, 1997 U.S. App. LEXIS 12482, at *13 (6th Cir. May 27, 1997) (citing 9A CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2459 (1995) (noting that "ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents sought")); *Waite, Schneider, Bayless & Chesley Co. L.P.A. v. Davis,* No. 1:11-cv-0851, 2013 U.S. Dist. LEXIS 5253, at *14-15 (S.D. Ohio Jan. 14, 2013) ("The only basis upon which a party could

have standing to quash a non-party subpoena would be a claim or personal right or privilege.") (citing *Hackmann v. Auto Owners, Ins. Co.*, No. 2:05-cv-876, 2009 U.S. Dist. LEXIS 15128 (S.D. Ohio Feb. 6, 2009)) (internal citations omitted).

Oswald contends that it has standing because it is seeking to protect a privilege or personal right. Personal rights or privileges supporting a claim to standing "have been recognized with respect to personal bank records, information in a personnel file, corporate bank records, or Indian tribal records." *Waite, Schneider, Bayless & Chesley Co. L.P.A.,* 2013 U.S. Dist. LEXIS 5253, at *15. But here, the nature of Gallagher's claim against Hopp makes the communications between Oswald and the subpoenaed non-parties central to this lawsuit. Gallagher claims that each of the subpoenaed parties were its former clients who moved their business to Oswald after Hopp started working there. Conversely, Oswald, by making a bare claim of privilege, has not sufficiently explained the privilege or personal right it seeks to protect. Its new employee's direct and indirect communication with Gallagher's former clients is a central issue in this lawsuit and no recognized privilege or personal right protects this information in blanket fashion. Because Oswald has not demonstrated it has standing, the motion to quash the 17 other non-party subpoenas must be denied.

### III.  Subpoena Issued to Oswald

Oswald *does* have standing to challenge the subpoena Gallagher served upon Oswald. The Federal Rules of Civil Procedure grant parties the right to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . ." Fed. R. Civ. P. 26(b)(1). Relevance for discovery purposes is extremely broad. *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). However, "district courts have discretion to limit the scope of discovery [when] the information sought is overly broad or would prove

3

unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (citing Fed. R. Civ. P. 26(b)(2)). In determining the proper scope of discovery, a district court balances a party's "right to discovery with the need to prevent 'fishing expeditions.'" *Conti v. Am. Axle & Mfg.*, No. 08-1301, 326 Fed. Appx. 900, at *907 (6th Cir. May 22, 2009) (quoting *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998)).

Under Rule 45, parties may command a nonparty to, inter alia, produce documents. Fed. R. Civ. P. 45(a)(1). Rule 45 further provides that "the issuing court must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; * * * (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(i), (iii), (iv). The movant bears the burden of persuading the court that a subpoena should be quashed. *See, e.g., Baumgardner v. Lousiana Binding Serv.*, No. 1:11-cv-794, 2013 U.S. Dist. LEXIS 27494, at *4 (S.D. Ohio Feb. 28, 2013); *Williams v. Wellston City Sch. Dist.*, No. 2:09-cv-566, 2010 U.S. Dist. LEXIS 122796, at *21 (S.D. Ohio Nov. 2, 2010).

Gallagher argues that the court should deny Oswald's motion because it did not comply with Judge Boyko's standing orders and Local Rule 37.1. In response, Oswald argues that it is not a party to this lawsuit and is not bound by Judge Boyko's order or the Local Rule. This argument seems somewhat disingenuous because plaintiff's counsel represents Oswald and would certainly have been aware of the court's orders and the local rule. However, giving Oswald the benefit of the doubt, the court will not apply Judge Boyko's order and Local Rule 37.1 to summarily dismiss this non-party motion to quash.

Gallagher also argues that Oswald's objections to the subpoenaed information is conclusory. In its motion, Oswald lists some of the subpoenaed categories of information and

4

states that these items "are clearly privileged and proprietary business records, as well as almost entirely irrelevant." ECF Doc. 33 at Page ID# 669-670. But Oswald has not explained the privilege that purportedly applies to the documents or how they are irrelevant.[1] Gallagher represents that it is seeking information showing that Hopp directly or indirectly solicited Gallagher's customers in violation of his employment agreement. Oswald may have legitimate objections to producing some of these documents but refusing to provide any response on a bare claim of privilege is insufficient.

Oswald also contends that the subpoena is overbroad and unduly burdensome. For example, Oswald argues that Gallagher has requested information regarding 144 customers or potential customers but has only alleged that Hopp acted improperly with respect to 14 specific entities in the counterclaim. This argument is flawed. Gallagher has listed 14 specific entities which it believes Hopp has *already* solicited. But Gallagher is entitled to conduct discovery to learn whether Hopp contacted any other entities from his Gallagher book of business.

Oswald also complains that Gallagher has requested over three years of "any and all electronic correspondence, documents, emails and text messages, etc." for fifteen Oswald employees and also those employees' "administrative assistant(s), support staff, assistant, direct reports, spouses, family members and friends." ECF Doc. 33 at Page ID# 675.

Both Gallagher and Oswald state that the attorneys tried to resolve the discovery dispute before Oswald filed the motion to quash. But, the submitted correspondence shows very little depth to the effort to resolve this dispute. Oswald's attorneys' correspondence asserted broad

---

[1] Oswald argues that Request No. 15 seeks privileged material because Gallagher requests law firm invoices related to Hopp. Oswald does not cite any case law supporting its argument that legal invoices are privileged. Moreover, Request No. 15 requests that Oswald redact any narrative of the work performed and provide only the dates and amount of time spent on each task. ECF Doc. 33 at Page ID# 547.

5

objections to specific requests as a basis for completely refusing to produce any information in response to any part of the subpoena. ECF Doc. 36-4 at Page ID# 1052-1053.

Gallagher's counterclaim directly relates to Hopp's employment with Oswald and any direct or indirect solicitation of Gallagher's customers leading up to and following his resignation. Gallagher should be permitted to conduct this discovery and Oswald has not shown that the Gallagher's Oswald subpoena should be quashed for any of the reasons listed in Fed. R. Civ. P. 45(A).

Rather than quashing a subpoena, Fed. R. Civ. P. 45 permits the court to modify it. Here, Oswald argues that the subpoena is overly broad and unduly burdensome, but it has not suggested any specific limitations to the scope of the subpoena. Upon due consideration of the parties' arguments, the court agrees that the time period covered by the subpoena is too broad and will limit the scope of Gallagher's Oswald subpoena to the time period of December 1, 2017 to the present. Oswald shall respond to Gallagher's subpoena within 30 days of this order.

Notwithstanding this order, the court is sensitive to Oswald's claims that the subpoena is burdensome and, potentially, over broad in other respects. The court will consider imposing further *specific* limitations upon the subpoena. Oswald is ordered to submit to Gallagher proposed specific limitations to the scope of the subpoena within five days of this order. If Oswald submits additional proposed limitations to the subpoena, Gallagher will have five days to respond to the proposed limitations. Counsel are ordered to confer within two days thereafter regarding any proposed limitations to Gallagher's Oswald subpoena and to make a good faith effort to resolve such disputes without need for court involvement. In the event such disputes cannot be resolved, counsel for Oswald shall advise the court and a hearing on the remaining issues in dispute will be conducted promptly.

Finally, if Oswald asserts a record should not be produced based on a claim of privilege, Oswald must submit, along with its responses a privilege log in which it identifies: (i) the legal basis for the claim; and (ii) a description of the content of the document with sufficient particularity to permit Gallagher and/or the court to evaluate the propriety of the privilege claim. The court orders Oswald and Gallagher to meet and confer before bringing any further disputes concerning a claim of privilege to the court, bearing in mind Gallagher's earlier-expressed wiliness to permit Oswald to redact portions of documents.

## IV. Conclusion

Oswald lacks standing to oppose the subpoenas issued to other non-parties to this lawsuit. To the extent Oswald seeks to quash the non-party subpoenas served upon Oswald current or former customers, the motion is DENIED. The court also DENIES Oswald's motion to quash Gallagher's Oswald subpoena but MODIFIES the scope of the Oswald subpoena to the period of December 1, 2017 to the present. Oswald and Gallagher are otherwise ordered to proceed in the manner described above.

IT IS SO ORDERED.

Dated: December 19, 2018

Thomas M. Parker
United States Magistrate Judge