IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN J. HOPP, | ) | Case No. 1:18-cv-507 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| ARTHUR J. GALLAGHER & CO., | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |
| | ) | |

This matter is before the court on referral for disposition of the motion to quash subpoenas and motion for protective order filed by nonparties, Kyle Anthony and Robert Klonk ("Oswald Employees"). ECF Docs. 38. The Oswald Employees move the court to quash two subpoenas issued by defendant, Arthur J. Gallagher & Co., ("Gallagher"). Gallagher filed a brief in opposition and the Oswald Employees filed a reply in support. ECF Docs. 41 and 42.

Because they fail to establish a proper basis for quashing the subpoenas, the court DENIES the Oswald Employees' motion to quash but MODIFIES the scope of the subpoenas to the time period of December 1, 2017 to the present. Subject to the conditions expressed below, the Oswald Employees must produce the documents requested in the modified subpoenas on or before **February 4, 2019.** And, because they fail to show that the purpose of the subpoenas was to annoy, embarrass, oppress or unduly burden them, the Oswald Employees' motion for protective order is also DENIED.

## I. Relevant Background Information

This case involves an employment agreement between plaintiff, Steven J. Hopp, and his former employer, Gallagher. ECF Doc. 20 at Ex. A. Hopp resigned from Gallagher on February 27, 2018. ECF Doc. 20 at ¶ 22. On March 5, 2018, Hopp filed this lawsuit seeking declaratory judgment on the validity of the employment agreement and claiming that Gallagher improperly compensated him. ECF Doc. 1. Hopp began working for Oswald on April 30, 2018. ECF Doc. 20 at ¶ 23. Hopp filed an amended complaint on July 6, 2018. ECF Doc. 20. On July 23, 2018, Gallagher filed an answer and counterclaim for breach of the employment agreement. ECF Doc. 22 at Page ID # 376. Gallagher claims that Hopp is improperly soliciting Gallagher's customers in breach of the agreement. Gallagher claims that, because of their relationships with Hopp, Oswald Employees, Anthony and Klonk, may have discoverable information about Oswald's recruitment and employment of Hopp as well as information about Hopp's conduct before and after he began working for Oswald. ECF Doc. 41 at Page ID# 1309-1310.

## II. Law & Analysis

The Federal Rules of Civil Procedure grant parties the right to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Relevance for discovery purposes is extremely broad. *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). However, "district courts have discretion to limit the scope of discovery [when] the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (citing Fed. R. Civ. P. 26(b)(2)). In determining the proper scope of discovery, a district court balances a party's "right to discovery with the need to prevent 'fishing

expeditions.'" *Conti v. Am. Axle & Mfg.*, No. 08-1301, 326 F. App'x 900, at *907 (6th Cir. May 22, 2009) (quoting *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998)).

Under Rule 45, parties may command a nonparty to, *inter alia*, produce documents. Fed. R. Civ. P. 45(a)(1). Rule 45 further provides that "the issuing court must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; * * * (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(i), (iii), (iv). The movant bears the burden of persuading the court that a subpoena should be quashed. *See, e.g., Baumgardner v. Lousiana Binding Serv.*, No. 1:11-cv-794, 2013 U.S. Dist. LEXIS 27494, at *4 (S.D. Ohio Feb. 28, 2013); *Williams v. Wellston City Sch. Dist.*, No. 2:09-cv-566, 2010 U.S. Dist. LEXIS 122796, at *21 (S.D. Ohio Nov. 2, 2010).

Although arguably half-hearted, Gallagher and the Oswald Employees have made some attempt to resolve the present discovery dispute. For this reason, the court will not apply Judge Boyko's order and Local Rule 37.1 to summarily dismiss this motion to quash. However, if the same attorneys continue to present discovery disputes that are referred to the undersigned for disposition, the court will consider dismissing them on this basis. The attorneys involved in this discovery dispute are aware of Judge Boyko's order.

The Oswald Employees argue that the subpoenas issued to them are improper and should be quashed because: 1) they do not allow a reasonable time to comply by requiring voluminous document production in a short time period; 2) they improperly subject the Oswald Employees to an undue burden and insignificant expense; and 3) they seek privileged, proprietary and confidential business information. ECF Doc. 38 at Page ID# 1153. The Oswald Employees filed their motion to quash before the court issued an order on a previously filed, similar motion to

3

quash. ECF Doc. 40. Their attorneys have asserted many of the same unavailing arguments disposed of in regard to the previous motion.

Gallagher argues that the Oswald Employees' objections to the subpoenaed information are conclusory. For example, the Oswald Employees argue that the subpoenas seek documents that "are clearly privileged and proprietary business records." ECF Doc. 38 at Page ID# 1154. But they do not explain the privilege that purportedly applies to the documents. Gallagher represents that it seeks information regarding Oswald's recruitment of Hopp and how Hopp directly or indirectly solicited Gallagher's customers in violation of his employment agreement. The Oswald employees may have legitimate objections to producing some of these documents but refusing to provide any response on a bare claim of privilege is insufficient.

The Oswald Employees also contend that the subpoenas are overbroad and unduly burdensome. And, the court understands why. At a minimum, Gallagher's prolix requests are mind-numbing and overlapping. Gallagher's manner of phrasing its requests was counter-productive. The court does not doubt Gallagher sought to be thorough, but a simpler approach may have prompted a more cooperative response. Nonetheless, Gallagher is entitled to conduct discovery to learn about Oswald's recruitment of Hopp and whether Hopp or the Oswald Employees contacted any other entities from Hopp's Gallagher book of business.

Rather than quashing a subpoena, Fed. R. Civ. P. 45 permits the court to modify it. Here, the Oswald Employees argue that the subpoenas are overly broad and unduly burdensome. They argue that Gallagher requests "decades' worth" of "documents form Oswald's senior employees. ECF Doc. 38 at Page ID# 1155. However, other than complaining about the lengthy time period involved, they do not suggest specific limitations to the scope of the subpoena. Upon due consideration of the parties' arguments, the court agrees that the time period covered by the

4

subpoenas is too broad and will limit the scope of the Oswald Employees' subpoenas to the time period of December 1, 2017 to the present. The Oswald Employees must respond to Gallagher's subpoena within 30 days of this order.

As stated in the previous order, the court will consider imposing further *specific* limitations upon the Oswald Employees' subpoenas. The Oswald Employees are ordered to submit to Gallagher proposed specific limitations to the scope of the subpoena within five days of this order. If they do, Gallagher will have five days to respond to the proposed limitations. Counsel are ordered to confer within two days thereafter regarding any proposed limitations to these subpoenas and to make a good faith effort to resolve such disputes without need for court involvement. *In the event such disputes cannot be resolved, counsel for Oswald shall advise the court and a hearing on the remaining issues in dispute will be conducted promptly.* The court will also schedule a prompt hearing if any additional motions to quash are filed and referred by the Court.

Also as with the previous order, if the Oswald Employees assert a document should not be produced based on a claim of privilege, they must submit, along with their responses a privilege log in which they identify: (i) the legal basis for the claim; and (ii) a description of the content of the document with sufficient particularity to permit Gallagher and/or the court to evaluate the propriety of the privilege claim. The court orders the Oswald Employees and Gallagher to meet and confer before bringing any further disputes concerning a claim of privilege to the court.

In their motion, the Oswald Employees also move for a protective order to prohibit further such discovery attempts by Gallagher. Fed. R. Civ. P. 26(c)(1) authorizes protective orders to "protect a party or person from annoyance, embarrassment, oppression, or undue


burden or expense…" In the event a protective order issues, the court may "forbid[] the disclosure or discovery" or otherwise limit the discovery in question. *See* Fed. R. Civ. P. 26(c)(1)(A)-(H).

Gallagher's counterclaim directly relates to Hopp's employment with Oswald and any direct or indirect solicitation of Gallagher's customers leading up to and following his resignation. Gallagher states a plausible basis for believing that the Oswald Employees may have discoverable information regarding these topics. ECF Doc. 41 at Page ID# 1309-1310. Gallagher should be permitted to conduct this discovery and the Oswald employees have not shown that they are entitled to a protective order. While the subpoenaed information is exhaustive and may feel (understandably) burdensome, it is not unduly so. Many of the requests are duplicative and will likely result in references to documents provided in response to earlier requests. The Oswald Employees have not shown that the purpose of the subpoenas was to annoy, embarrass, oppress, or unduly burden them. Their motion for a protective order must be DENIED.

### III. Conclusion

The court DENIES the Oswald Employees' motion to quash subpoenas but MODIFIES the scope of the subpoenas to the period of December 1, 2017 to the present. The Oswald Employees' motion for protective order is DENIED. The Oswald Employees and Gallagher are otherwise ordered to proceed in the manner described above.

IT IS SO ORDERED.

Dated: January 4, 2019

Thomas M. Parker
United States Magistrate Judge