# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN J. HOPP, | ) | CASE NO. 1:18CV507 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| ARTHUR J. GALLAGHER & CO., | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon Plaintiff's Motion (ECF DKT #21) for Res Judicata/Collateral Estoppel Determination and Judgment. For the following reasons, the Motion is denied.

## I. FACTUAL BACKGROUND

Defendant Arthur J. Gallagher is a provider of employee benefits services, human resources consulting services and commercial insurance products. Plaintiff, Steven J. Hopp, served as an Area Vice President and sold insurance and benefits services for Defendant from November 18, 2010 until his resignation on February 27, 2018.

Plaintiff and Kyle Anthony both began working for Defendant in 2010 when

Defendant purchased Behnke & Co., Inc. Plaintiff was a stockholder in Behnke and was a signatory to the purchase agreement; Anthony was not.

Plaintiff and Anthony executed similar Employment Agreements with Defendant on November 18, 2010 and Addendums on October 3, 2011.

Anthony resigned in November of 2015 and began working for one of Defendant's competitors, The James B. Oswald Company. Defendant filed a lawsuit against Anthony on February 5, 2016, alleging that Anthony breached his Employment Agreement by soliciting former Gallagher employees and customers, tortiously interfered with business relations and misappropriated trade secrets. (U.S. District Court for the Northern District of Ohio Case No. 1:16CV284). Anthony asserted a counterclaim for breach of contract against Gallagher for unpaid compensation. Following a bench trial, the court determined that Anthony did not violate the restrictive covenants in his employment agreement and entered judgment against Gallagher for unpaid compensation for 2014 and 2015 in the amount of $146,158.00.

Plaintiff continued to work for Defendant and to handle the Hopp-Anthony "book of business" until he resigned and joined Anthony at The James B. Oswald Company. Prior to the conclusion of the *Anthony* litigation, Defendant paid Hopp over $100,000.00 for back wages/earned commissions owed to him.

On March 5, 2018, Plaintiff filed his Complaint setting forth five claims for relief and on July 6, 2018, Plaintiff filed a First Amended Complaint alleging: Count I - Declaratory Judgment; Count II - Breach of Contract; Count III - Unjust Enrichment/Quantum Meruit; Count IV - Civil Theft; Count V - Conversion; Count VI - Waiting Time Violation (Ohio Revised Code § 4113.15). Plaintiff alleges that the parties agreed to a modification of

Plaintiff's compensation on December 31, 2013. Plaintiff also alleges that Defendant failed and refused to compensate him in accordance with the terms of the initial Agreement and the subsequent modification. Further, Plaintiff contends that Defendant failed to provide him with adequate support since no one replaced Anthony or assumed his role.

According to Plaintiff's Motion for a Res Judicata/Collateral Estoppel Determination, he is now essentially in the same position as Anthony was and he asserts virtually the identical claims. (ECF DKT #21 at 3-4). The factual and legal duplication between Anthony's and the present case supports an order establishing facts and judgment in Plaintiff's favor as a matter of law, and also an order precluding Defendant from taking positions contrary to those taken in the *Anthony* litigation.

Defendant argues against the application of res judicata/collateral estoppel. Plaintiff and Anthony had similar, not identical, employment agreements. The *Anthony* court found that none of Gallagher's contract breaches were material and that Gallagher's failure to pay Anthony amounts owed to him did not excuse Anthony's compliance with his non-solicitation obligations. Unlike Anthony, Plaintiff claims that he was entitled to be paid 41.25% of the combined Hopp-Anthony "book of business" following Anthony's departure in 2015. Yet, the prior decision lacks any determination that one individual is entitled to a certain percentage of the "book of business" upon the departure of the other. The compensation for 2014 and 2015, which was disputed in the *Anthony* case, has been paid and accepted by Plaintiff. Plaintiff seeks a declaration regarding the enforceability of his restrictive covenants; but the judge in the prior case expressly found the covenants' validity was not central to his ruling. Plaintiff's claims for Civil Theft, Conversion and Punitive Damages

were never sought by Anthony. Lastly, Defendant's Counterclaim alleges that Plaintiff breached his Employment Agreement by failing to preserve and maintain the customer relationships in the Hopp-Anthony "book of business" and by soliciting former clients in 2018. These claims could not have accrued until after Anthony's departure.

## **II. LAW AND ANALYSIS**

### **Res judicata and collateral estoppel**

Under Ohio law, the doctrine of res judicata dictates that "a final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction is conclusive of rights, questions and facts in issue as to the parties and their privies, and is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them." *Johnson's Island, Inc. v. Bd. of Twp. Tr. of Danbury Twp.*, 431 N.E.2d 672, 674 (Ohio 1982). See also *Clark v. Lender Processing Services, Inc.*, 949 F.Supp.2d 763, 773 (N.D.Ohio 2013).

In *Grava v. Parkman Twp.*, 73 Ohio St.3d 379 (1995), the Ohio Supreme Court set out the standard for the claim-preclusive effect of res judicata as follows: "[A] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the same transaction or occurrence that was the subject matter of a previous action." *Id*. at 382. Four elements must be established to bar a claim under the doctrine of res judicata:

(1) there is a final, valid decision on the merits by a court of competent jurisdiction;

(2) the second action involves the same parties or their privies as the first;

(3) the second action raises claims that were or could have been litigated; and

(4) the second action arises out of the same transaction or occurrence as the first. *See Portage Cty. Bd. of Commrs. v. City of Akron*, 109 Ohio St.3d 106, 123, citing *Hapgood v. Warren*, 127 F.3d 490, 493 (6th Cir. 1997).

In *Grava*, 73 Ohio St.3d at 382, the Ohio Supreme Court noted that Comment b to Section 24 of the Restatement of Judgments defines "transaction" as a "common nucleus of operative facts." This element cannot be avoided because a plaintiff presents grounds or theories of the case not presented in the first action or seeks a different remedy in the subsequent action. *Grava*, 73 Ohio St.3d at 383; *Brown v. City of Dayton*, 89 Ohio St.3d 245 (2000).

Collateral estoppel or issue preclusion applies when the party against whom estoppel is sought was a party or in privity with a party to a prior action, where there was a final judgment on the merits after full and fair opportunity to litigate, and the issue to be determined is identical to the issue involved in the prior suit. *Smith v. Encore Credit Corp.*, 623 F.Supp.2d 910, 917 (N.D. Ohio 2008).

## **Privity**

"We find that a mutuality of interest, including an identity of desired result, creates privity between [parties for res judicata purposes]." *Brown*, 89 Ohio St.3d at 248. "A contractual or beneficiary relationship is not required." *Id*. Ohio courts have defined privity as "such an identification of interest of one person with another as to represent the same legal right." *Elec. Enlightenment, Inc. v. Kirsch*, No. 23916, 2008 WL 2814327, at *2 (Ohio Ct.App. July 23, 2008).

"Mutuality of interest 'exists only if the person taking advantage of the judgment

would have been bound by it had the result been the opposite. Conversely, a stranger to the prior judgment, being not bound thereby, is not entitled to rely upon its effect under the claim of res judicata or collateral estoppel.'" *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59 (2007) (citation omitted).

**<u>Offensive collateral estoppel</u>**

The Supreme Court explains offensive collateral estoppel in *Parklane Hosiery Co., Inc. v*. Shore, 439 U.S. 322 (1979). In applying that doctrine, the court "must determine whether a litigant who was not a party to a prior judgment may nevertheless use that judgment 'offensively' to prevent a defendant from relitigating issues resolved in the earlier proceeding." *Id*. at 326. Noting that collateral estoppel has historically been limited by mutuality of parties, the Supreme Court nevertheless decided:

> We have concluded that the preferable approach for dealing with these problems in the federal courts is not to preclude the use of offensive collateral estoppel, but to grant trial courts broad discretion to determine when it should be applied. The general rule should be that in cases where a plaintiff could easily have joined in the earlier action or where, either for the reasons discussed above or for other reasons, the application of offensive estoppel would be unfair to a defendant, a trial judge should not allow the use of offensive collateral estoppel. *Id.* at 327-28.

The Court notes that fact discovery is continuing in the captioned case through May 15, 2019; so at this juncture, the Court cannot agree with Plaintiff that there is factual and legal duplication between this case and the earlier *Anthony* litigation. Anthony's and Hopp's Employment Agreements with Gallagher are "virtually identical" per Plaintiff, but not the same. Plaintiff alleges that Defendant failed to implement the terms of their December 31, 2013 oral modification to the Employment Agreement; but those alleged terms have not been revealed beyond the allegations in Plaintiff's Complaint.

Defendant has asserted multiple affirmative defenses, including Estoppel or Waiver, Statute of Frauds and Accord and Satisfaction. Moreover, Defendant presents a Counterclaim for Breach of Contract alleging Plaintiff unlawfully solicited former Gallagher clients in 2018, more than two years after the conclusion of the *Anthony* case.

Plaintiff insists that Defendant should have been on notice of Plaintiff's potential claims for unpaid compensation. "In 2015, Anthony and Hopp had been complaining to Gallagher that they were not getting paid enough, and that they needed more support." (ECF DKT #21 at 17). Therefore, should Defendant be precluded or estopped now by virtue of the *Anthony* litigation even though Plaintiff continued to work at Gallagher until February 27, 2018?

The Court concurs with the Sixth Circuit in *Taylor Group v. ANR Storage Co.*, 24 F.App'x 319, 323 (6th Cir. 2001), in the importance of striking a balance between "the need to eliminate repetitious and needless litigation, and the interests of litigants in a 'full and fair adjudication' of their claims." By the same token, "a party should not be collaterally estopped from relitigating an issue when its subsequent use ***could not be foreseen or where the party had little knowledge or incentive to litigate fully and vigorously***." (Emphasis added). *McAdoo v. Dallas Corp.*, 932 F.2d 522, 525 (6th Cir. 1991). "The main legal thread which runs throughout the determination of the applicability of *res judicata*, inclusive of the adjunct principle of collateral estoppel, is the necessity of a fair opportunity to fully litigate and to be 'heard' in the due process sense." *McAdoo*, 932 F.2d at 525, quoting *Goodson v. McDonough Power Equipment, Inc*. 2 Ohio St.3d 193 (1983).

The distinctions more than the similarities between the *Anthony* case and the instant

litigation give the Court pause. Therefore, to assure fairness to all parties and to allow for the full development of all the critical facts, the Court exercises its discretion and declines to apply the doctrines of res judicata or collateral estoppel as Plaintiff requests. However, the Court will keep an open mind to Plaintiff's request should further development of the facts warrant a second look.

### III. CONCLUSION

For these reasons, Plaintiff's Motion (ECF DKT #21) for Res Judicata/Collateral Estoppel Determination and Judgment is denied.

**IT IS SO ORDERED.**

                                      **s/ Christopher A. Boyko**
                                      **CHRISTOPHER A. BOYKO**
                                      **United States District Judge**
**Dated: February 20, 2019**