**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **STEVEN J. HOPP,** | ) | **CASE NO. 1:18CV507** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **ARTHUR J. GALLAGHER & CO.,** | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon Nonparty[1] The James B. Oswald Company's Partial Objection (ECF DKT #43) to Magistrate Judge's Order Denying Motion to Quash Subpoenas. For the following reasons, the Order (ECF DKT #40) denying Oswald's Motion to Quash is upheld.

**I. BACKGROUND**

This case concerns an employment agreement between Plaintiff Steven J. Hopp and

---

[1] The James B. Oswald Company was named as Defendant to the Amended Counterclaim (ECF DKT #52).

his former employer, Arthur J. Gallagher & Co. Hopp resigned from Gallagher on February 27, 2018. Hopp initiated this lawsuit on March 5, 2018, seeking declaratory judgment on the validity of the employment agreement and claiming he received inadequate compensation. Hopp began working for Oswald, a direct competitor of Gallagher, on April 30, 2018. An Amended Complaint followed on July 6, 2018; and Gallagher filed its Answer and Counterclaim on July 23, 2018. Gallagher alleges that Hopp is soliciting Gallagher's customers in breach of the employment agreement.

Oswald moved to quash a subpoena issued to it by Gallagher, as well as 17 subpoenas issued to non-party former Gallagher customers. (ECF DKT #33 & #34). The Motions to Quash were referred to the Magistrate Judge for disposition. The Magistrate Judge issued an Order (ECF DKT #40) denying Oswald's Motion as to the non-party subpoenas for lack of standing; and denying, but modifying as to the time frame, the subpoena issued to Oswald.

Oswald filed the instant Objection (ECF DKT #43) arguing that the Magistrate Judge's Order was erroneous in part and that Oswald has demonstrated standing and good cause to quash or otherwise modify the 17 subpoenas issued to its customers and potential customers.

## II. LAW AND ANALYSIS

**Standard of Review**

**Appeal of Non-Dispositive Matters**

Local Rule 72.3 recites:

Any party may appeal from a Magistrate Judge's order determining a motion or matter made pursuant to Fed. R. Civ. P. 72(a) within fourteen (14) days after service of the Magistrate Judge's order. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, a written statement of

appeal which shall specifically designate the order, or part thereof, appealed from and the basis for any objection thereto. The District Judge to whom the case was assigned shall consider the appeal and shall set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. The District Judge may also consider *sua sponte* any matter determined by a Magistrate Judge under this Rule.

A Magistrate Judge's finding is clearly erroneous when the District Judge, upon review of the evidence, is left with the "definite and firm conviction that a mistake has been committed." *See JGR, Inc. v. Thomasville Furniture Indus., Inc*., Case No. 1:96-CV-1780, 2006 WL 456479, at *1 (N.D. Ohio Feb. 24, 2006) (quoting *Heights Cmty. Congress v. Hilltop Reality, Inc*., 774 F.2d 135, 140 (6th Cir. 1985)).

When determining whether a Magistrate Judge's decision is contrary to law, the District Court applies an abuse of discretion standard. *JGR, Inc*., 2006 WL 456479, at *1.

**Standing to challenge non-party subpoenas**

The Magistrate Judge determined that absent some personal right or privilege, a party has no standing to challenge a subpoena to a non-party. Oswald recognizes the validity of that principle, but insists that the Magistrate Judge erred by limiting the concept of "personal right or privilege" to "personal bank records, information in a personnel file, corporate bank records, or Indian tribal records." (Magistrate Judge's Order, ECF DKT #40 at 3).

Oswald argues that courts routinely interpret "personal right or privilege" to include confidential and proprietary business and financial information, strategic planning, marketing strategies and pricing information. Oswald insists that disclosure of such data would cause it irreparable competitive harm.

Oswald supports its argument for standing with citations to *Lucas v. Jolin*, No. 1:15-cv-108, 2016 WL 2853576, at *5 (S.D.Ohio May16, 2016) and *Meyer Corp. United States v.*

-3-

*Alfay Designs, Inc.*, No. CV 2010 3647, 2012 WL 3537001, at *1 (E.D.N.Y. Aug. 14, 2012). Oswald's reliance on these cases is misplaced. *Lucas* concerned the attempted discovery of private email communications stored by Google as the provider; and unlike this matter, implicated the Stored Communications Act. *Meyer* is a New York District Court case and is not binding here. Moreover, the *Meyer* court similarly found that the movant lacked standing to quash discovery. Oswald quotes from another non-binding opinion discussed in *Meyer* that favored standing to object to access to "***unrelated*** financial and business dealings." (Emphasis added). However, that category of discovery is clearly distinguishable from the situation presented here because the customers subpoenaed were serviced by Hopp while he was employed by Gallagher and moved their business to Oswald following Hopp's separation.

In opposing Oswald's Objections, Gallagher rightly points out that the burden of establishing a privilege lies with the party asserting it. *See e.g. Vita Mix v. Basic Holdings, Inc.*, 1:06CV2622, 2007 WL 2344750 (N.D.Ohio Aug.15, 2007). Additionally, simply claiming that documents are confidential, and thus privileged, is insufficient grounds to quash a subpoena. *Waite, Schneider, Bayless & Chesley Co. L.P.A. v. Davis*, No. 1:11-cv-0851, 2013 WL 146362, *6 (S.D.Ohio Jan. 14, 2013). As Gallagher further notes, there is a protective order in place which allows for an "Attorneys' Eyes Only" designation when proprietary information is sought.

Upon review, the Court finds no clear error as to the Magistrate Judge's determination that Oswald lacks standing.

Oswald makes the separate objection that the 17 third-party subpoenas fail to allow

reasonable time to comply and subject Oswald to undue burden.  The Court finds that Oswald is in no position to complain about sufficient time for the subpoena recipients to comply with a Fed.R.Civ.P. 45 subpoena.  Moreover, the language of Rule 45 focuses on the burden on the recipient, and courts have held that only the recipient has standing to challenge the subpoena on the basis of undue burden.  *Meyer v. Bank of America, N.A.*, No. 2:18-cv-218, 2018 WL 6436268, *5 (S.D.Ohio Dec. 7, 2018) (collecting cases).

Once again, the Court sees no reason to disturb the Magistrate Judge's Order.

### III. CONCLUSION

Considering Oswald's Objections and thoroughly reviewing the Magistrate Judge's Order, the Court has no definite and firm conviction that a mistake has been committed and finds that the Magistrate Judge's ruling that Oswald lacks standing to challenge the non-party subpoenas is not contrary to law.  Therefore, The James B. Oswald Company's Partial Objection (ECF DKT #43) to Magistrate Judge's Order Denying Motion to Quash Subpoenas is denied and the Order (ECF DKT #40) denying Oswald's Motion to Quash is upheld.

**IT IS SO ORDERED.**

                                                                            s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated:  May 30, 2019**